COBB, Presiding Justice,
Dissenting:
¶ 13. This case is a consolidation of three appeals by Howard McDonald, Jr. The majority determined that this Court lacks jurisdiction because the third appeal involved an order for temporary child custody. There are several reasons why I respectfully dissent. First, there are three orders on three different dates appealed from which involve child custody and visitation. The first order modified restrictions that were initially placed on Rosemary’s visitation rights; the second order found Howard in contempt for interfering with visitation rights; and the third order, without the benefit of a hearing on the merits, or an emergency situation, modified the existing “permanent” custody granted to Howard, by stating that even though there would be no hearing held, he was “temporarily” modifying custody. There is no issue that the first two orders are appealable, and in my view, so is the third. As we have stated, “[i]t is often said that no child custody order is permanent. Technically, this is correct because custody is always subject to modification in the best interest of the child.” Blevins v. Bardwell, 784 So.2d 166, 170 (Miss.2001). Custody and visitation orders are routinely appealed despite their modifiable, thus temporary, nature.
¶ 14. From the record, it appears that the chancellor had no intention of conducting a hearing on the merits of the custody modification, thus the temporary custody was actually permanent in nature. In his bench ruling after the August 3 trial, the chancellor made the following statements:
There will be no hearing today; however, there are two children before the Court whose future custody and support must be, at least, temporarily addressed pending the resolution of the United States District Court action.[3]
[[Image here]]
Until further order of this Court, the temporary custody of Leah and Carie McDonald, two of the minor children of the parties, is granted to Rosemary McDonald ...
The Court, upon the receipt of the D.H.S. report and upon the motion of either party, may schedule a hearing for the limited purpose of addressing any custody issues which might be raised by the D.H.S. report and which are contrary to today’s temporary order. If the D.H.S. report and its recommendations are consistent with today’s temporary order, then no hearing will be scheduled.[4]
Thus, unless the D.H.S. report was contrary to his ruling and convinced the chancellor that he had to again modify custody, the decision to modify custody was permanent and without a hearing. Additionally, the chancellor stated:
In fairness, particularly, to Mr. McDonald, the Court may, upon the motion of either party and after Mr. Mc *300 Donald’s full compliance with Chancery Court Rule 8.05, schedule a hearing for the limited purpose of addressing the issue of child support.
Based on this language, it is reasonable to believe that the chancellor had no intention of scheduling a hearing base on the issue of custody modification. The fact that three years has elapsed without a hearing since the August 16 appeal from this order supports this conclusion.
¶ 15. The chancellor chose not to hold a hearing when he modified the previously awarded permanent custody of the children.[5] The fact that the chancellor termed his modification of custody “temporary,” in my view in no way relieves him of his responsibility to abide by Mississippi law, particularly in this non-emergency setting. “When a decree of custody is to be made or modified in substantial or major aspects, a proper notice and opportunity to be heard must be given to the adverse party.” Gordon v. Gordon, 196 Miss. 476, 17 So.2d 191 (1944). Although both parties were present for a hearing, the chancellor allowed no testimony or evidence to be submitted, but simply modified custody, albeit “temporarily.”[6]
¶ 16. It is well settled Mississippi law that to modify child custody, a non-custodial party must prove (1) there has been a substantial change in the circumstances affecting the child; (2) the change adversely affects the children’s welfare; and (3) a change in custody is in the best interest of the child. Bredemeier v. Jackson, 689 So.2d 770, 775 (Miss.1997); Thompson v. Thompson, 799 So.2d 919, 922 (Miss.Ct.App.2001). In the present case, there was no hearing held, so in no way were the required showings made. The majority opinion quotes the Court of Appeals, stating that the chancellor made appropriate findings for why he was changing custody. The only findings made by the chancellor were in the previous hearing held in June, 1999, in conjunction with a request for modification of visitation, when the chancellor specifically stated “what I am granting is extended visitation. I am not touching custody now.”
¶ 17. There is nothing in the record that supports that there was a hearing held on the merits concerning custody modification, thus Howard’s right to a hearing were not honored. Additionally, there is every reason to believe that the “temporary” custody order was in actuality, as permanent as a modifiable custody order may be. Therefore, I respectfully dissent.
EASLEY AND DICKINSON, JJ„ JOIN THIS OPINION.

. This suit was dismissed two months later, but no hearing on custody was scheduled.

. Prior to the chancellor stating that there would be no hearing, he granted D.H.S.'s petition to be excused from performing a home study, and ask that he be informed who would be doing the study and when. Howard offered that the study had already been completed, and that the person who performed the study was in court ready to testify about it. The chancellor refused to hear any testimony.

. The bench ruling of August 3, 1999, stated: "There will be no hearing today.”

. In an earlier hearing when the chancellor modified visitation, he admitted that he was doing so on a temporary basis so that he would not lose jurisdiction over the case, having been appointed as a special judge to serve until the conclusion of this case.